|    |                                          |                                  |
|----|------------------------------------------|----------------------------------|
|    | UNITED STATES DISTRICT COURT             |                                  |
|    | DISTRICT OF NEVADA                       |                                  |
|    | * * *                                    |                                  |
|    | JOHN MATTHIAS WATSON,                    | Case No. 2:19-cv-00379-RFB-NJK   |
|    | Petitioner,                              | ORDER                            |
|    | v.                                       |                                  |
|    | WILLIAM GITTERE, *et al.*,               |                                  |
|    | Respondents.                             |                                  |

On March 4, 2019, the court received, from petitioner, a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner has been convicted of murder and sentenced to death in a state court proceeding. The court received petitioner's filing fee on March 12, 2019, so the Clerk of Court will be directed to file the petition. The court has screened the petition in accordance with Rule 4 of the Rules Governing Habeas Corpus Under Section 2254. For reasons that follow, the petition will be dismissed without prejudice.

Petitioner raises no substantive habeas claims in his habeas petition. Instead, he notes that he is 79 years old and expresses frustration as to the length of time his state post-conviction proceeding has been pending. Accordingly, he contends that his habeas claims should be deemed exhausted and asks this court to address his claims prior to the conclusion of his state proceedings.

Petitioner's judgment of conviction was entered in August 2010.[1] The Nevada Supreme Court affirmed the judgment on direct appeal in October 2014. Petitioner filed a motion for

---

[1] The court has gleaned the procedural history of petitioner's case from information included in his petition and from the online docket of his case (Case No. 07C230024) at www.clarkcountycourts.us.

appointment of counsel and petition for post-conviction relief in the state district court in December 2014. Counsel was appointed in January 2015 but was discharged in July 2016. New counsel was confirmed in August 2016. With the assistance of new counsel, petitioner filed a supplemental petition in April 2017. Since that filing, petitioner's state post-conviction proceedings have been subject to numerous continuances.

As a general matter, this court should not entertain a petition for a writ of habeas corpus before the petitioner's state remedies have been exhausted. *See* 28 U.S.C. § 2254(b) & (c). While it may deny relief on the merits of an unexhausted claim, the district court may not grant federal habeas relief on the merits of a claim which has not been exhausted in the state courts. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). A federal habeas petitioner has not exhausted a federal habeas claim if he still has the right to raise the claim "by any available procedure" in the state courts. 28 U.S.C. § 2254(c); *Whaley v. Belleque*, 520 F.3d 997, 1003 (9th Cir. 2008).

The general rule requiring exhaustion may be excused if one of two conditions is met: "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The court looks to four factors when determining whether a state's delay in adjudicating a petitioner's claim satisfies either of the § 2254(b)(1)(B) exceptions: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. *Coe v. Thurman*, 922 F.2d 528, 531 (9th Cir.1990).

Given the complexities of capital cases, the length of the delay in this case is not out of the ordinary. In addition, it appears as if a substantial portion of the delay was caused by the change of counsel in the state proceeding. Also, the fact that petitioner's conviction and sentence have been affirmed on direct appeal weighs against a finding that he has or will be prejudiced by the delay in his post-conviction proceeding. *Cf. Coe*, 922 F.2d at 532.

Because petitioner has not demonstrated the absence of an available or effective state corrective process to address any claim that his convictions and sentences violate his federal constitutional rights, this court will decline to entertain petitioner's claims. *See Sherwood v.*

*Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) (holding that when a petitioner's appeal of his state criminal conviction is pending the petitioner must await the outcome of his appeal before proceeding in federal court, even where issue to be challenged in habeas petition has been finally settled in state courts).

A habeas petition filed in the district court after an initial habeas petition was dismissed for failure to exhaust state remedies is not a second or successive petition. *Slack v. McDaniel*, 529 U.S. 473, 486-87 (2000). In addition, the dismissal of the pending petition without prejudice will not impact petitioner's compliance with the statute of limitations because his state post-conviction proceeding is currently pending. 28 U.S.C. § 2244(d)(2).

In sum, because the state court has not had an opportunity to rule on the merits of all of petitioner's claims and there is no statute of limitations or second or successive petition issue implicated by the dismissal of the petition, the petition should be dismissed without prejudice.

**IT IS THEREFORE ORDERED** that Clerk shall file the petition for writ of habeas corpus (currently docketed at ECF No. 1-1). The petition is DISMISSED without prejudice. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability is DENIED.

DATED: April 11, 2019.



RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE